CatroN, Ch. J.
delivered the opinion of the court.
Is a sealed bill single subject to be barred by the statute of limitations, if due for more than three years after assigned? '
It is contended the act of 1786, ch. 4, sec. 5, so pro - vides. The first section makes bills, bonds, and notes for money, with a seal, assignable and negotiable by endorsement and delivery, as promissory notes and inland bills of exchange were. But as there was no obligee to sue, it was doubtful if any form of action known to the common law would apply to enforce the assignee’s right; to obviate which doubt, it was provided, that the endorsee might maintain his action on the case for the recovery of the moneys due him upon the bond or note, notwith *116 standing; any seal thereto annexed, the same as if the bond was a negotiable promissory note.
The 5th section declares, “the act of limitations of this State shall apply to all bonds, bills, or other securities ■hereafter executed, made transferable by this act, after the assignment or endorsement thereof, in the same manner as it operates by law against promissory notes.”
By the act of 1715, ch. 27, sec. 5, actions upon the case are barred, if not brought within three years next after the cause of action. This act applied to the prescribed form of action, an'd rendered the 5th section of the act tof 1786 supererogatory.
The act of 1789, ch. 57, sec. 3, declares the remedy by an action on the case, inconsistent with the nature of the securities, sealed by the obligor; and that the resort to it frequently proved injurious, to the endorsee. To remedy which, it is provided he should thereafter have .and maintain an action of debt on the same in his own name, in the same manner the obligee could have done before the bond was assigned.
The present is such action of debt, to which the act of 1715, of limitations, does not apply, either in terms or by construction. 3 Yerg. Rep. 322.
But the statute of 21 James I, of six years, is also pleaded in bar, and the plea demurred to. The statute of James does not apply to the action in its terms, it bars actions of debt “grounded upon any lending or contract, without specialty.” Nor was this statute referred to by the act of 1786 ? It declares the act of limitations of this State shall apply. The act of 1787, ch. 5, had .adopted all the statutes theretofore in force in the colony, and made them the acts of that State.
When the remedy by action on the case was repealed in 1789, and a remedy given, not subject to be barred, the 5th section of the act of 1786 was repealed. So Judge Haywood informed the writer it had ever been understood in N. Carolina; and it is persuasive evidence that *117 such has been the recognized law in this State, that this is the first time, within our knowledge, the bar has been . attempted to be interposed in our courts. The judgment iof the circuit court will> be reversed, and- the cause remanded to try the remaining pleas.
Judgment reversed.